CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAR 11 2009

JOHN F CORCORAN, CLERK
BY: /s/ K. Dotson
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. 5:09cr00007 |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| AMANDEEP SINGH, | ) | By: Hon. James G. Welsh |
| | ) | U.S. States Magistrate Judge |
| *Defendant* | ) | |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct an initial appearance, waiver of indictment, and plea hearing. The entire proceeding was recorded by a court reporter [*See* Rule 11(g), Federal Rules of Criminal Procedure]; the defendant and his attorney were both at all times present in person, and all parts of the proceeding were conducted with the defendant's informed and written consent.

The United States, by counsel, proposed to file a criminal information charging the defendant in Count One with the illegal trafficking in contraband cigarettes, in violation of Title 18, United States Code, Section 2343(a). Counsel for the defendant then stated that his client desired to waive grand jury presentment and pursuant to a written plea agreement to enter a plea of guilty upon arraignment, to the charge in the Information.

# DEFENDANT'S RESPONSES TO RULE 7 INQUIRY

On February 18, 2009 a waiver of indictment proceeding was conducted before the undersigned and the defendant waived indictment. At this hearing, the defendant came in person and with his counsel, Aaron W. Graves. The United States was represented by Jeb Terrien, Assistant United States Attorney.

After the defendant was placed under oath, he stated that he understood that he was obligated to testify truthfully in all respects under penalty of perjury. He testified that his full legal name is Amandeep Singh; his name in all respects is correctly spelled in the Information; he is over the age of eighteen years; he can read, write and understand the English language; he has no medical condition, either physical or mental, which might interfere with his ability to understand and participate fully in the proceeding, and he was using no medication or drugs which might impair his ability to understand and participate in the proceeding. He stated that his mind was clear; he further testified that he had discussed the charge in detail with his attorney, that he was fully satisfied with the services of his attorney, that he had received, fully read and understood the proposed charge against him as set forth in the proposed Information, and that he fully understood the proposed charge was a felony offense. The defendant's attorney then represented to the court that he had no reservations about the defendant's competency to waive grand jury presentment and to enter a plea of guilty pursuant to the terms of the plea agreement.

The defendant was next informed that he had an absolute constitutional right to be charged by a grand jury indictment, that a grand jury might not find probable cause to believe that he committed the alleged offense, that a grand jury might or might not return an indictment against him, and that a waiver of indictment by him would mean that the cause would proceed as though he had been indicted. The defendant testified that he had discussed the matter of waiving his right to indictment with his attorney, that he fully understood his right to indictment by grand jury, that no threats or promises had been made to induce him to waive indictment, and that it was his desire to waive the right to grand jury presentment and indictment [*See* ¶ A.1 of Pleas Agreement]. *See* Rule 7(b).

With the agreement of his attorney, the defendant waived indictment and signed the waiver of indictment form in open court. It was then formally noted for the record that the defendant's waiver of indictment was knowingly and voluntarily made with the advice and assistance of counsel and that its acceptance would be recommended. pursuant to the terms of the above-referenced referral. The Information was then filed and made a part of the record.

### DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

As part of the same proceeding, a plea hearing was also conducted on the same date. With the advice and assistance of his attorney, the defendant gave his informed and written consent for the following Rule 11 inquiry; the government presented evidence by a written proffer for the purpose of establishing an independent basis for the defendant's plea, and the defendant entered a plea of guilty to Count One of the Information.

As previously reported herein, the defendant had been placed under oath and had given testimony confirming his identity, his competency, his receipt of a copy of the Information, his understanding of the charge, his previous full discussion of the charge with his attorney, and his satisfaction with the representation and advice of his attorney. At the plea hearing, the defendant stated, and his attorney confirmed, that he wished to enter a plea of guilty to the felony charge of illegal trafficking in contraband cigarettes as set forth in the Information.

The defendant re-acknowledged that he was testifying under oath and was required to give truthful answers to all questions asked. He stated that he understood he could be prosecuted for perjury or false statement if he gave false information under oath and that he understood the government's right, in a prosecution for perjury for false statement, to use against him any statement given under oath. *See* Rule 11(b)(1)(A).

The defendant acknowledged that he was in court for the express purpose of entering a guilty plea to a felony offense. He stated that he had been given adequate time both to discuss the charge with his attorney and to prepare any defenses he might have. He further testified that he recognized and understood his right to have a United States district judge conduct this Rule 11 guilty plea proceeding, and he expressly consented to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written waiver was then received, filed and made a part of the proceeding.

4

By counsel, the government's understanding of the plea agreement was stated in some detail: including the agreement for the defendant to plead guilty to Count One of the Information [¶ A.1]; the defendant's express acknowledgment of the applicable maximum statutory penalties for violation of 18 U.S.C. § 2343(a) [¶ A.1]; the defendant's express understanding that he may be required to pay restitution and that his assets may be subject to forfeiture [¶ A.1]; the defendant's express admission of guilt to the offense charged in Count One [¶ A.1]; the defendant's obligation to pay a $100.00 special assessment in full prior to entry of his guilty plea [¶¶ A.1 and B.4a]; the defendant's acknowledgment of the constitutional rights waived upon entry of a guilty plea [¶ A.2]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1]; the defendant's express recognition that he would not be allowed to withdraw his guilty plea irrespective of the sentence imposed by the court [¶ B.1]; the defendant's recognition that "there is a substantial likelihood" he will be incarcerated [¶ B.1]; the parties stipulation concerning the edition of the Guidelines Manual and guideline section applicable to the relevant offense conduct [¶B.2]; the acceptance of responsibility provision [¶ B.2]; the defendant's agreement to the imposition of a $30,000.00 fine and the government's agreement to recommend a sentence at the low end of the applicable guideline imprisonment range [¶ B.2]; the substantial assistance provision ¶ B.3]; the agreement's restitution and forfeiture provisions [¶ B.4a]; the defendant's financial disclosure obligation [¶ B.4b]; the defendant's waivers of his right to appeal any sentence and waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶¶ C.2 and C.3]; the defendant's consent to contraband forfeiture [¶ C.6]; the defendant's waiver of all rights to access of

5

investigation or prosecution records or information [¶C.4]; and the substance of the agreement's other terms. *See* Rule 11(c)(1)–(2).

After which, the defendant was asked what his understanding of the terms of the agreement was, and he testified that his understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same, and he further represented that he had reviewed each of the terms of the plea agreement with the defendant and was satisfied that the defendant understood all of its terms.

The defendant was then shown the original of the plea agreement; and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in a effort to induce him to enter a plea of guilty in this case and that no one had attempted in any way to force him to plead guilty in this case. After looking at his signature on the Plea Agreement, the defendant acknowledged it to be his signature and that it represented his entry into a binding agreement [*See* ¶ E.2]. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best statement of its terms, and as such it "speaks for itself."

In response to further questioning, the defendant testified that he understood the offense to which he wished to plead guilty was a felony. He stated that he knew that his plea, if accepted, would result in his being adjudged guilty of the offenses and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a

6

Case 5:09-cr-00007-GEC-JGW   Document 12   Filed 03/11/09   Page 6 of 13   Pageid#: 31

jury, and the right to possess any kind of firearm. And the defendant then expressly acknowledged that he was proposing to enter a plea of guilty to a charge of illegally trafficking in contraband cigarettes, in violation of Title 18, United States Code, section 2343(a). *See* Rule 11(b)(1)(G).

After the attorney for the government informed the defendant of the maximum possible penalty provided by law for the offense charged in the Information, the defendant acknowledged that he understood the maximum possible penalty provided by law for conviction of the felony set forth in Count One of the Information to be five (5) years confinement in a federal penitentiary, a $250,000.00 fine, a mandatory special assessment of $100.00, and a period of supervised release. *See* Rule 11(b)(1)(H).

The defendant was informed, and he expressly acknowledged, that in determining his sentence the court would consider the following factors: the nature and circumstances of the offense; the history and characteristics of the defendant; any objectives of sentencing established by Congress; the need to protect the public; the need for the sentence to reflect the seriousness of the offense; the need to promote respect for the law; the need to provide just punishment, the need to afford adequate deterrence, any determined needs of the defendant for educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of sentences that are available; the pertinent sentencing guidelines and policy statements; the need to avoid unwarranted sentence disparities, and any need to provide restitution. He acknowledged that the court may order him to make full restitution to the victim and could require him to forfeit property to the government. *See*

Rule 11(b)(1)(J)–(K). He also stated that he knew that he would be required to pay the mandatory $100.00 special assessment. *See* Rule 11(b)(1)(L).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). **See** Rule 11(b)(1)(M). He stated that he understood that the court will not be able to determine the recommended guideline sentence for his case until after the presentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer. Pursuant to the express terms of the plea agreement, he acknowledged that he was waiving all of his rights to appeal his sentence or conviction [¶ C.2] and was waiving his right to attack collaterally either his conviction or his sentence [¶ C.3]. **See** Rule 11(b)(1)(N). If the court did not accept the government's sentencing recommendation in the plea agreement, the defendant acknowledged that he would nevertheless still be bound by his plea and would have no right to withdraw it. He also acknowledged that he knew parole had been abolished and that he would not be released on parole.

Each of his procedural rights surrendered on a plea of guilty were also explained: including, his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence, the obligation of the government to prove his guilt beyond a reasonable doubt, his right at trial to see, to hear, to confront, and to have cross-examined all witnesses

presented against him; his right to decline to testify unless he voluntarily elected to do so in her own defense, his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense, and his right to a unanimous guilty verdict. *See* Rule 11(b)(1)(B)– (E). The defendant testified that he understood his right to plead not guilty and the attendant rights that he would waive by pleading guilty. *See* Rule 11(b)(1)(F).

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that irrespective of any sentence imposed by the court he would have no right to withdraw this guilty plea. In addition, he testified that knew parole had been abolished, that he knew he would not be released on parole, that he knew any sentence of incarceration would also include a period of "supervised release," and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time.

In direct response to further questioning, the defendant also testified that he was pleading guilty because he was in fact guilty of participating in the illegal trafficking of contraband cigarettes, as alleged in Count One.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government submitted for filing a written Statement of Facts which summarized the facts that the government was prepared to prove at trial. After confirming that this written statement had been fully reviewed with the defendant, both he and his attorney agreed that it

9

fairly summarized the government's case. *See* Rule 11(b)(3). It was then received, filed and made a part of the record.

After testifying that he had heard and understood all parts of the proceeding, the defendant consulted with his attorney, voluntarily waived a reading of the Information, and entered a plea of GUILTY to Count One alleging his violation of Title 18, United States Code, Section 2343(a). The clerk then read the written guilty plea form to the defendant. After acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering his plea of guilty, after a independent basis for the plea was established, the defendant was again addressed personally, and he reconfirmed that his decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2).

The defendant was then informed that acceptance of the plea agreement and his guilty plea would be recommended to the presiding district judge, that a presentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the presentence report and to file objections to it.

Pending acceptance of his plea of guilty and preparation of the presentence report, and on the recommendation of the government's attorney, the defendant was released on an unsecured bond in the amount of $10,000.00.

## GOVERNMENT'S EVIDENCE

After reviewing, the government's written evidence proffer, the contents of which the defendant and his attorney expressly agreed, it was filed and made a part of the record. It is incorporated herein and made a part hereof by reference.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of waiving his right to grand jury presentment;

2. The defendant, in open court and after being advised of the nature of the charge and of his right to grand jury presentment, orally and in writing waived prosecution by indictment;

3. The defendant is fully competent and capable of entering an informed plea to the charge set forth in the Information;

4. The defendant is fully aware of the nature of the charge and the consequences of his plea;

5. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

6. Before entering his plea, the defendant and the government reached a detailed plea agreement which was reduced to writing and signed by the defendant;

7. Defendant's entry into a plea agreement, his waiver of indictment and his tender of a plea of guilty were made with the advice and assistance of counsel;

8. The plea agreement complies with the requirements of Rule 11(c)(1);

9. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Information;

10. The defendant's plea of guilty is fully voluntary and did not result from force, threats, or promises other than those contained in the written plea agreement; and

11. The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant pleaded guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One of the Information, that he be adjudged guilty of the offense, and that a sentencing hearing be scheduled before the presiding district judge on May 7, 2009 at 9:30 a.m.

## NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court.

The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States district judge.

The clerk is directed to transmit copy of this Report and Recommendation to all counsel of record.

DATED: 11th day of March 2009.

s/ *James G. Welsh*<br>U.S. Magistrate Judge